## No. 732

### MILK SERVICE, Inc. v MASS. BOND. & INS. CO.

Ohio Appeals, 2nd Dist., Montgomery Co.

No. 783.    Decided July 21, 1927.

1054. ROBBERY—Robbery may be accomplished by constructive force, and is not complete by mere taking of money but continues during period wherein robber is making his escape.

Error to Common Pleas.
Judgment reversed.

Matthews & Mathews, Dayton, for Milk Service.

Corwin, Landis & Markham, Dayton, for Mass. Bond. & Ins. Co.

ALLREAD, J.

Milk Service Company brought suit, in the Common Pleas, upon an insurance policy, to recover a loss of $1,038. The amount claimed was stolen from the offices of the plaintiff and the circumstances are detailed by the custodian of the fund.

The action is based upon a policy providing a liability for loss or damage to property by robbery, or attempt thereat, as defined in the policy. Among the definitions of the word "robbery," as used in the policy, are the following:

"(b) By putting such person or persons in fear of violence; or

(c) By an overt felonious act committed in the presence of such person or persons and of which they were actually cognizant at the time."

At the close of the trial, a verdict for the defendant was instructed.

Mrs. Baldwin testified that, while she was absent from the room, the thief first took possession of the money, yet, before the thief had escaped, in fact before he had gone very many feet from where the money was originally taken, as he was putting the money in his pocket and making his escape, Mrs. Baldwin was actually present and within speaking distance. Mrs. Baldwin described the package and undertook to identify the money. She followed the thief and asked him what he wanted, but stated that she was afraid and did not pursue the matter further than to inform her superior officer of the fact. We cannot read this evidence without reaching the conclusion that there was some evidence tending to prove that the alleged robbery was accomplished in the presence of Mrs. Baldwin by constructive force and under circumstances which would naturally give rise to fear on her part. The robbery was not completed by the mere taking of the money, but continued during the period wherein the robber was making his escape.

We, therefore reach the conclusion that the trial court erred in instructing a verdict for defendant. There was enough evidence to go to the jury upon the issue as to whether the robbery was committed within the scope of clauses b and c of the policy defining robbery.

(Ferneding, Kunkle and Allread, JJ., concur.)